IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DEWONKIEE L. B.,

                Plaintiff,

      v.                            Civil Action No.
                                         5:19-CV-0503 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP                    HOWARD D. OLINSKY, ESQ.
250 South Clinton St.                MELISSA A. DelGUERCIO, ESQ.
Suite 210
Syracuse, NY 13202

FOR DEFENDANT

SOCIAL SECURITY ADMIN.               LOUIS JOHN GEORGE, ESQ.
625 JFK Building                     AMELIA STEWART, ESQ.
15 New Sudbury St.
Boston, MA 02203

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER

Plaintiff commenced this action to challenge an unfavorable determination by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance and Supplemental Security Income benefits under the Social Security Act.  Having prevailed in the matter, she now seeks an award of attorney's fees and other expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] While not arguing that the amount sought is unreasonable or unsupported, the Commissioner opposes the application arguing that the government's position in this action was substantially justified. For the reasons set forth below, I agree and will therefore deny plaintiff's EAJA fee application.

I.      BACKGROUND

Plaintiff applied for benefits under Titles II and XVI of the Social Security Act on December 2, 2013. In support of her application, plaintiff claimed disability based upon a back and neck injury resulting from a motor vehicle accident. Following a hearing conducted on May 7, 2015, Administrative Law Judge ("ALJ") Patrick Flannigan issued a decision on

---

[1]      Plaintiff's application, which was filed on June 11, 2021, is timely. Under 28 U.S.C. § 2412(d)(1)(B), a petition for fees under the EAJA must be filed within thirty days of the entry of final judgment. A judgment is deemed final when it is no longer appealable. 28 U.S.C. § 2412(d)(2)(G). In this case the underlying judgment in plaintiff's favor became final on July 11, 2021, sixty days after its entry. *See* Fed. R. App. P. 4.

October 14, 2015, denying plaintiff's applications. That decision was vacated by the Social Security Administration Appeals Council ("Appeals Council"), however, on April 27, 2017, and the matter was remanded for further consideration.

A hearing was subsequently conducted, on March 12, 2018, by ALJ Elizabeth Koennecke to address plaintiff's applications. ALJ Koennecke issued another unfavorable decision in connection with plaintiff's applications on April 24, 2018. That decision became a final determination of the agency on February 26, 2019, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action April 26, 2019, pursuant to 42 U.S.C. §§ 405(b) and 1383(c)(3). At the conclusion of a hearing conducted on September 16, 2020, by telephone, I issued a bench decision in which, after applying the requisite deferential standard of review, I found that the Commissioner's determination was supported by substantial evidence, and therefore ordered dismissal of plaintiff's complaint. An order was subsequently entered on September 22, 2020, effectuating my decision, and the entry of a judgment followed on September 23, 2020.

On October 7, 2020, plaintiff moved to alter the judgment dismissing her complaint, based upon the pendency of a case before the United

States Supreme Court addressing one of the pivotal issues raised by the plaintiff – the contention that the ALJ who presided over and decided the matter for the agency was not properly appointed in accordance with Article II, Section 2, Clause 2 of the United States Constitution.[2] Following the issuance of the Court's decision in that case, *see Carr v. Saul*, 141 S. Ct. 1352 (2021) – a decision that was contrary to my resolution of the issue – the parties stipulated to the entry of an order altering the judgment and remanding the matter to the Commissioner for further consideration. A second judgment was subsequently entered on December 20, 2021, remanding the matter in accordance with that stipulation.

On June 11, 2021, plaintiff filed the instant motion for attorney's fees under the EAJA, seeking the sum of $8,106.76. Dkt. No. 30-1 at 2. The

---

[2]     That provision provides as follows:

> [The President] shall have Power, by and with the Advice and Consent of the Senate, to make Treaties, provided two thirds of the Senators present concur; and he shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. CONST. art. II, § 2, cl. 2.

Commissioner responded in opposition to the application on June 22,

2021, arguing that the government's position in this action was

substantially justified, and that the fee application should therefore be

denied. *See* Dkt. No. 32.

II.     DISCUSSION

    A.     Applicable Legal Standard

    The EAJA provides, in relevant part, as follows:

> [A] court shall award to a prevailing party . . . fees
> and other expenses . . . incurred by that party in any
> civil action . . ., including proceedings for judicial
> review of agency action, brought by or against the
> United States in any court having jurisdiction of that
> action, unless the court finds that the position of the
> United States was substantially justified or that
> special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  To qualify for recovery under the EAJA, a

plaintiff must demonstrate that (1) she is a prevailing party, (2) she is

eligible to receive an award, and (3) the position of the United States was

not substantially justified.  28 U.S.C. § 2412(d)(1)(B); *see also Smith v.*

*Astrue,* No. 10-CV-0053, 2012 WL 3683538, at *1 (N.D.N.Y. Aug. 24,

2012) (Suddaby, J.); *Coughlin v. Astrue*, No. 06-CV-0497, 2009 WL

3165744, at *1 (N.D.N.Y. Sept. 28, 2009) (Mordue, J.). In addition, she

must submit an itemized statement from the attorney appearing on her

behalf detailing the time expended and the rates at which the fee request

is calculated. 28 U.S.C. § 2412(d)(1)(B); *Smith*, 2012 WL 3683538, at *1;

*Coughlin*, 2009 WL 3165744, at *1. In the event that a plaintiff satisfies

these criteria, her EAJA request may nonetheless be denied upon a

finding of special circumstances making an award unjust. 28 U.S.C. §

2412(d)(1)(A); *see also Coughlin*, 2009 WL 3165744, at *1.

      As was previously noted, the Commissioner opposes plaintiff's

application, arguing that the position of the government was substantially

justified. In support of an application for attorney's fees under the EAJA, a

plaintiff must first allege that the position on the government was not

substantially justified. *Mills v. Colvin*, No. 11-CV-0955, 2013 WL 1499606,

at *1 (N.D.N.Y. Apr. 11, 2013) (Sharpe, C.J.) (citing 28 U.S.C. §

2412(d)(1)(B)). Plaintiff has alleged as much in her EAJA fee application.

*See* Dkt. No. 30-7 at 2. Accordingly, the burden now falls upon the

Commissioner to establish that her opposition to plaintiff's application for

benefits was substantially justified. *Mills*, 2013 WL 1499606, at *1 (citing

*Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir.

1999)); *see also Green v. Bowen*, 877 F.2d 204, 207 (2d Cir. 1989) ("The

burden rests on the government to show that its position was

reasonable.").

The meaning of the term "substantial justification," for purposes of the EAJA, was before the Supreme Court in the seminal case of *Pierce v. Underwood*, 487 U.S. 552 (1988). In *Pierce*, the Court settled on a test of reasonableness, concluding that the phrase should be construed as meaning "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565; *accord, Green*, 877 F.2d at 207. The Second Circuit Court of Appeals has construed the Supreme Court's decision in *Pierce* as defining the phrase "substantially justified" as "having a 'reasonable basis in both law and in fact.'" *Dunn*, 169 F.3d at 786 (quoting *Pierce*, 487 U.S. at 565).

B.   <u>Analysis</u>

In her application, plaintiff does not expand upon her claim that the government's decision in this action was not substantially justified, instead apparently relying upon the circumstance that she ultimately prevailed. The fact that the government's position in the case was not accepted by the court, however, does not alone dictate a finding, or even raise a presumption, that the government's position was not substantially justified. *Mills*, 2013 WL 1499606 at *1 (citing *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988)).

Plaintiff did not raise the appointments clause issue before the Commissioner while her applications were pending before the agency. In light of that circumstance the Commissioner argued that plaintiff was required to exhaust the issue before the agency, and that by her failure to do so she waived the right to raise the issue before this court. In my decision, I concluded, following what was then the greater weight of authority, and certainly within this district, that this failure resulted in a waiver of the right to bring the argument before the court.

Prior to the Supreme Court's decision in *Carr*, there was a marked split of authority with regard to the appointments clause issue, including among the circuits. In one case, the Third Circuit Court of Appeals found that the issue need not be exhausted, and that the failure to raise the issue before the Commissioner in the first instance did not result in a waiver. *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020). The decision in *Cirko* was followed by the Sixth Circuit Court of Appeals in a two-to-one panel decision in *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537 (6th Cir. 2020). The Tenth Circuit Court of Appeals, however, ruled otherwise in *Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th Cir. 2020), rejecting *Cirko* and concluding that there is a duty of exhaustion and that

the issue must first be presented to the agency. The Eighth Circuit Court of Appeals similarly ruled in *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020).

The Second Circuit Court of Appeals has not weighed in on the issue.  Prior to the Supreme Court's decision in *Carr*, the district courts within the circuit were markedly split on the issue, as I noted in my oral decision, although the greater weight of authority favored a finding that plaintiffs have a duty to exhaust. *See, e.g., Danielle R. v. Comm'r of Soc. Sec.*, No. 19-CV-0538, 2020 WL 2062138, at *6 (N.D.N.Y. Apr. 29, 2020) (Baxter, M.J.); *Iris R. v. Saul*, No. 19-CV-1165, 2020 WL 2475824, at *6 (N.D.N.Y. May 13, 2020) (D'Agostino, J.).

Based upon these circumstances I am hard pressed to conclude that the government's position in this action – one that was both consistent with the greater weight of authority and accepted by me in my initial decision in this action – was not substantially justified. Indeed, until the Supreme Court's essentially unanimous decision in decided *Carr*, the clear weight of authority among the district courts within the Second Circuit sided with the government's position in this case.  I therefore conclude that the government's position in this matter was substantially justified.

III.    <u>SUMMARY AND CONCLUSION</u>

In order to defeat plaintiff's application for an award of attorney's

fees under the EAJA, the Commissioner must prove that the government's

position in the action was substantially justified. In this case I find that the

government has successfully carried its burden. Accordingly, it is hereby

ORDERED that the plaintiff's application for an award of attorney's

fees under the EAJA [Dkt. No. 30] is DENIED in all respects.


Dated:    August 5, 2021
          Syracuse, New York

David E. Peebles
U.S. Magistrate Judge